**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3428-19

MICHAEL MAHONEY, JR.,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and HOLIDAY CLARK, LLC,

      Respondents.

_____

Submitted November 4, 2021 – Decided November 29, 2021

Before Judges Hoffman and Susswein.

On appeal from the Board of Review, Department of Labor, Docket No. 191637.

Forman, Cardonsky & Tsinman, LLC, attorneys for appellant (Samuel Tsinman, on the briefs).

Andrew J. Bruck, Acting Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Achchana Ranasinghe, Deputy Attorney General, on the brief).

PER CURIAM

Claimant appeals from the March 19, 2020 decision of the Board of Review (Board) finding him ineligible for unemployment compensation benefits pursuant to N.J.S.A. 43:21-5(a). We affirm.

I.

We ascertain the following facts from the record. Claimant, Michael Mahoney, Jr., worked as chief engineer at Holiday Clark, a hotel, from April 2015 to July 2019. On July 24, 2019, claimant left his job at Holiday Clark. Claimant filed for unemployment benefits four days later.

On August 20, 2019, a Deputy of the Division of Unemployment and Disability Insurance (Deputy) determined that Mahoney was disqualified from receiving unemployment benefits because he left work voluntarily without good cause attributable to the work. Claimant then appealed the Deputy's determination to the Appeal Tribunal.

On September 26, 2019, and January 13, 2020, claimant participated in a telephonic hearing before the Appeal Tribunal. During both hearings, claimant testified that, on July 24, 2019, he resigned from his job at Holiday Clark. Claimant asserted that he resigned from his job because he was "denied vacation time." He stated that he wanted time off on these days: July 22nd, 23rd, 26th,

29th, and 30th of 2019. Mahoney claimed that his supervisor, Christina Belayyabi, initially denied his vacation request.

On July 18, 2019, Mahoney sent an email to Tarnek Cheng – the owner of Holiday Clark – and Przemyslaw Shamika – Holiday Clark's Director of Human Resources – requesting vacation time for the five dates indicated. Claimant testified that Cheng granted his vacation request the next day. Claimant also recounted that Cheng instructed Belayyabi to approve the requested vacation time, which she did on July 19, 2021.

Belayyabi testified that there was a hurricane that "knocked out" the power at the hotel on July 21, 2021. According to Belayyabi, she never called Mahoney into work to address that issue; instead, someone at the front desk informed claimant the power had been knocked out. Claimant corroborated this, explaining that, on July 21, 2021, he was informed by a co-worker that there was a power outage at the hotel. Claimant admitted that he went to the hotel to "finish everything that needed to be done overnight into the next day."

While Mahoney never requested vacation time for July 21, 2019 in his email to Cheng and Shamika, he had requested – and was granted – vacation time for July 22, 2019. Despite being on vacation on July 22, 2019, claimant worked to resolve the power outage issue during at least part of the early

A-3428-19

morning of July 22, 2019. Claimant further testified that, as Chief Engineer for Holiday Clark, it was part of his job to respond to certain emergencies such as power outages, even during vacation time.

Belayyabi testified that on July 23, 2019 – one of claimant's approved vacation days – claimant came to the hotel. This same day, the hotel's water heater stopped working. Claimant then called a company to fix it.

Belayyabi testified that the company claimant called came out and repaired the water heater on July 23, 2019; however, by 5a.m. the next morning, the hotel's water heater malfunctioned again. She therefore called the same company claimant had called the day before and requested further repairs. Later that morning, claimant showed up at the hotel and learned that Belayyabi had already contacted a water heater repair company on her own.

Claimant believed that Belayyabi had requested a different company to fix the water heater – he did not realize that the company he contacted had already come the previous night to fix the water heater issue. Claimant incorrectly thought that "two companies were coming in for one issue." As a result, claimant became upset, believing that Belayyabi "made her own decision to request another company altogether" instead "of talking to [him] about it."

A-3428-19

Claimant testified that upon hearing that Belayyabi had contacted a company to repair the water heater, he simply "lost it." Mahoney then resigned immediately.

Claimant also claimed that Belayyabi had been "harassing" him. Belayyabi started working as the general manager of the hotel in June 2019. On June 14, 2019, Claimant complained to Cheng that Belayyabi spoke to employees in a "demeaning way" and that she had an "attitude." Cheng then told Belayyabi to "take it down a notch" as some unnamed employees felt that she was a "little [tough]."

Claimant also asserted that Belayyabi would call and text him during off-the-clock hours about non-emergency matters at the hotel. As Chief Engineer and the only salaried engineer at the hotel, claimant was on call, even when he was not on the job. Belayyabi testified that she would contact claimant on one of his days off only if something came up that the other engineers, who were paid hourly, could not handle. She insisted that she never called Mahoney during one of his vacation days.

In a decision mailed on January 13, 2020, the Appeal Tribunal affirmed the determination of the Deputy, finding that claimant was disqualified under N.J.S.A. 43:21-5(a) because he left work voluntarily without good cause attributable to the work. The Tribunal found that claimant resigned from his job

5

due to the supposed interruption to his vacation plans and his annoyance with his supervisor. The Tribunal also noted that Holiday Clark approved claimant's vacation request, but that he chose to come in and take care of the hotel's power outage issue on July 21, 2019.

The Tribunal determined that claimant "did not demonstrate that the alleged mistreatment was of such a grievous nature so as to cause him to leave his job." The Tribunal found that alleged mistreatment by his supervisor should be "seen as a personality conflict, as opposed to being confrontational, volatile, or divisive behavior."

On January 31, 2020, claimant appealed the decision of the Appeal Tribunal to the Board of Review. On March 19, 2020, the Board affirmed the Tribunal's decision. This appeal followed, with Claimant presenting the following argument:

> THE BOARD OF REVIEW IMPROPERLY CONCLUDED THAT CLAIMANT IS DISQUALIFIED FOR BENEFITS AS HE LEFT WORK VOLUNTARILY WITHOUT GOOD CAUSE ATTRIBUTABLE TO SUCH WORK IN ACCORDANCE WITH N.J.S.A. 43:21-5(A), AS THE RECORD CONTAINED INSUFFICIENT EVIDENCE TO SUPPORT SAME.

A-3428-19

II.

We are mindful that our review of administrative agency decisions is limited. Kedonsky v. Lee, 452 N.J. Super. 198, 201-02 (App. Div. 2017); Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). Courts must "defer to an agency's interpretation of both a statute and implementing regulation, within the sphere of the agency's authority, unless the interpretation is plainly unreasonable." Ardan v. Bd. of Rev., 231 N.J. 589, 604 (2018). Unless the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed. Id. at 210.

A claimant bears the burden of proof to establish his right to unemployment compensation. Brady, 152 N.J. at 218. The New Jersey Unemployment Compensation Law provides that an individual is disqualified from receiving unemployment benefits:

> For the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment…
>
> [N.J.S.A. 43:21-5(a).]

A-3428-19

An employee who has left work voluntarily has the burden of proving that she did so with good cause attributable to the work. Utley v. Bd. of Rev., Dep't of Labor, 194 N.J. 534, 552 (2008); Brady, 162 N.J. at 218.

"[G]ood cause" means "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Domenico v. Bd. of Rev., 192 N.J. Super. 284, 287 (App. Div. 1983). "Mere dissatisfaction with working conditions, which are not known to be abnormal or to affect health, does not constitute good cause for leaving work voluntarily." Medwick v. Bd. of Rev., Div. of Emp. Sec., 69 N.J. Super. 338, 345 (App. Div. 1961); Sanchez v. Bd. of Rev., 206 N.J. Super. 617, 623 (App. Div. 1986).

Claimant contends that the Board arbitrarily and capriciously rejected his testimony outright while assuming as true all testimony made on behalf of the Board. Claimant further asserts that Belayyabi harassed him consistently, both on and off the clock, and verbally abused him. These circumstances, claimant argues, "left [him] with no reasonable alternative but to leave [his] job." We disagree.

First, there was little opportunity for Belayyabi to verbally abuse claimant. Indeed, Belayyabi began working for Holiday Clark in June 2019. Claimant left

Holiday Clark in July 2019. The record contains no credible evidence that substantiates claimant's claims of verbal abuse by Belayabbi.

Claimant admitted that his vacation request, which he argues was denied, was granted. There is little evidence in the record to buttress claimant's claims of a "hostile work environment." Indeed, to the extent that Belayyabi spoke to claimant "with an attitude," this type of action would need to be prolonged and severe to justify claimant's "leaving the ranks of the employed and joining the ranks of the unemployed." Domenico, 192 N.J. at 287.

Claimant's contention that Belayyabi "harassed" him is also without merit. Claimant acknowledged that, as chief engineer at Holiday Clark, it was part of his job to respond to certain emergencies, such as power outages, during vacation time. Belayyabi's texting and calling claimant about other matters at the hotel is not a cause "sufficient to justify [his] leaving the ranks of the employed and joining the ranks of the unemployed." Domenico, 192 N.J. at 287. Indeed, Claimant was Holiday Clark's chief engineer; as such, Claimant knew he had to respond to emergencies at the hotel, even during vacation.

The Board reasonably concluded, based on the record, that claimant left his employment voluntarily, without good cause attributable to the work.

A-3428-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3428-19